IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Leslie McCoy, | ) | C/A No. 2:14-cv-02918-JMC-MGB |
|       Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | REPORT AND RECOMMENDATION |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
|       Defendant. | ) | |
| _____ | ) | |

Plaintiff Leslie McCoy, appearing *pro se*, brought this action to obtain judicial review of an unfavorable final administrative decision denying benefits on her February 5, 2010 applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("Act"). See Section 205(g) of the SSA, as amended, 42 U.S.C. Section 405(g). This matter was referred to the Magistrate Judge for a Report and Recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., and Title 28, United States Code, Section 636(b)(1)(B).

**Procedural History and ALJ's Findings**

The Plaintiff was born November 3, 1968, and was 39 years old on the alleged onset of disability date, August 18, 2008. (R. 116.) The Plaintiff filed for DIB and SSI on February 5, 2010. (R. 116, 123.) The Plaintiff claimed disability due to "back problems" and "right leg surgery." (R. 151.) The Plaintiff's claims were initially denied and denied on reconsideration. (R. 10.) Following a hearing, the Administrative Law Judge (ALJ) denied her claim on May 10, 2013. (R. 18.) The Plaintiff has exhausted her administrative remedies. The ALJ's decision is

now the Commissioner's final action for purposes of judicial review. In making the determination that the Plaintiff is not entitled to benefits, the Commissioner has adopted the following findings of the ALJ's May 10, 2013 Decision (Id.):

> (1)    The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.
>
> (2)    The claimant has not engaged in substantial gainful activity since August 18, 2008, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).
>
> (3)    The claimant has the following severe impairments: history of medial and lateral meniscal tears to the knees and chondromalacia patella; status post arthroscopic surgery; right foot drop; and mild facet joint arthritis of the lower lumbar spine (20 CFR 404.1520(c) and 416.920(c)).
>
> (4)    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).
>
> (5)    After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c). The claimant is able to lift and carry fifty pounds occasionally and twenty-five pounds frequently. She is able to sit for up to six hours and stand/walk for up to six hours in an eight-hour workday. The claimant is limited to occasional kneeling. The claimant is able to sustain attention and concentration for two hours at a time to perform simple, routine, repetitive tasks. She should avoid work environments dealing with crisis situations, complex decision making, or constant changes in routine.
>
> (6)    The claimant is capable of performing past relevant work as a poultry-picking machine tender. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. (20 CFR 404.1565 and 416.965).
>
> (7)    The claimant has not been under a disability, as defined in the Social Security Act, from August 18, 2008, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

## **Applicable Law**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability."

42 U.S.C. § 423(a). The Act also provides that SSI disability benefits shall be available for aged, blind, or disabled persons who have income and resources below a specific amount. See 42 U.S.C. § 1381 *et seq.* "Disability" is defined in the Act as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than" twelve months. See 42 U.S.C. § 423(d)(1)(A) (definition used in the DIB context); 42 U.S.C. § 1382c(a)(3)(A) (definition used in the SSI context).[1]

To facilitate a uniform and efficient processing of disability claims, the Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Administration's official Listing of Impairments found at 20 C.F.R. Part 404, Subpart P, Appendix 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment. See 20 C.F.R. § 404.1520 (DIB context); 20 C.F.R. § 416.920 (SSI context). If an individual is found not disabled at any step, further inquiry is unnecessary. See 20 C.F.R. § 404.1520(a)(4) (DIB context); 20 C.F.R. § 416.920(a)(4) (SSI context); see also Hall v. Harris, 658 F.2d 260 (4th Cir. 1981).

A plaintiff is not disabled within the meaning of the Act if she can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. See SSR 82-62, 1982 WL 31386, at *3. The plaintiff bears the burden of establishing her

---

[1] "[T]he definition of disability is the same under both DIB and SSI . . . ." Mason v. Colvin, C/A No. 9:12-CV-1157-TLW-BM, 2013 WL 4042188, at *2 n.2 (D.S.C. Aug. 8, 2013) (citing Emberlin v. Astrue, C/A No. 06-CV-4136, 2008 WL 565185, at *1 n.3 (D.S.D. Feb. 29, 2008)).

inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5);  42 U.S.C. § 1382c(a)(3)(H)(i).  She must make a *prima facie* showing of disability by showing that she is unable to return to his past relevant work.  Grant v. Schweiker, 699 F.2d 189, 191 (4th Cir. 1983); see also Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

Once an individual has established an inability to return to her past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. See Grant, 699 F.2d at 191. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert ("VE"). Id. at 191-92.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner "are supported by substantial evidence and whether the correct law was applied."  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Richardson v. Perales, 402 U.S. 389 (1971); 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (citing 42 U.S.C. § 405(g); Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as:

> such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Substantial evidence consists of more than a mere scintilla of evidence but may be less than a preponderance.

Smith v. Chater, 99 F.3d 635, 637-38 (4th Cir. 1996) (internal quotation marks and citations omitted).

Thus, it is the duty of this Court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that her conclusion is rational. Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

## Discussion

The Plaintiff has not asserted any specific error made by the ALJ other than not finding her to be disabled. In her brief the Plaintiff states that she has no money, no home, no workers' compensation and no job. (Dkt. No. 26.) She states that she was injured when she worked at Lee Correctional Institute. (Id.) She states that she has "bad eyes" which have led to her being unable "to see a person's face.[1]" Id. She states she has been unable to receive any help for the issues she faces in her life. (Id.) The Plaintiff does not address any of the disabilities stated in her applications for DIB and SSI.

The ALJ's decision is supported by substantial evidence, and the undersigned recommends the ALJ's decision be affirmed. The ALJ properly followed the series of five sequential questions to determine if the Plaintiff was under a disability. (R. 7-23.) In determining the Plaintiff's severe impairments, the ALJ considered evidence from treating physicians and consultative physicians. (R. 12-14.) The ALJ specifically discussed the diagnoses, treatments, and opinions of several of the Plaintiff's treating and consulting physicians.

---

[1] In a letters written by the Plaintiff, she informed the court she has been diagnosed with keratoconus, an eye disease. (Dkt. Nos. 36 & 37.) The Plaintiff did not assert her eye condition on her original application or before the ALJ. The Plaintiff has written numerous letters to the court. All of the letters are substantially similar and state the Plaintiff has no money and needs help.

The ALJ performed a thorough analysis of the Plaintiff's medical history and objective medical evidence in determining her residual functional capacity ("RFC").  (R. 14-17.) Substantial evidence supports the ALJ's finding that the Plaintiff's statements to the ALJ "concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely credible."  (R. 15.)  The Plaintiff's claims regarding her disability do not appear to be supported by any objective medical evidence.  The Plaintiff claimed that she used crutches on a daily basis since undergoing an arthroscopic knee procedure in 2008, but there is no medical evidence stating a medical necessity for crutches (R. 15.)   The ALJ cited multiple instances in the medical record where the Plaintiff was seen walking and assisting her mother into a wheel chair without the crutches.  (R. 15-16.)  The Plaintiff asserted that she needed to elevate her legs five hours or else she experienced extreme swelling and was at risk of losing her leg. (R. 38.)  The ALJ noted that both the Plaintiff's physical therapist and family physician repeatedly noted that Plaintiff had minimal to no swelling in her leg and had good range of motion in her ankle and foot (R. 15, 282, 283, 286, 374). There is no medical evidence she is at risk of losing her leg. The ALJ further noted the Plaintiff was "evasive and uncooperative" with claims examiners.  (R. 16.)  The ALJ examined the opinion evidence in the record and determined that "[n]one of the claimant's treating physicians indicated that the claimant has any specific functional limitations."  (R. 16.)

The Plaintiff's new arguments on appeal to this court concerning her apparent poverty and vision impairments are not relevant to the inquiry before the court.  DIB and SSI are not based solely on how impoverished a claimant may be.[2]  See 42 U.S.C. § 423(a); 42 U.S.C. § 1381 et seq.  The ALJ's decision was not based in any way on the Plaintiff's income or resources.  While the court is sympathetic to the Plaintiff's current lot in life, it is tasked with the

---

[2] The court recognizes that to be eligible for SSI, a claimant must meet the income and resource requirements of 42 U.S.C. § 1381a et seq.

narrow role of determining if the ALJ's decision is supported by substantial evidence. Similarly, the Plaintiff's claims of impaired vision were never raised at any stage of the proceedings until now. As such, it is not relevant as to whether the ALJ's decision is supported by substantial evidence. In the case at bar, the undersigned recommends the ALJ's decision be affirmed.

### **Recommendation**

Wherefore, based upon the foregoing, the court recommends that the Commissioner's decision be **AFFIRMED**,

IT IS SO RECOMMENDED.

November 23, 2015

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE