**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Leslie McCoy, | ) | |
| | ) | Civil Action No. 2:14-cv-02918-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for a review of the United States Magistrate Judge's Report and Recommendation ("Report"), filed on November 23, 2015 (ECF No. 38), recommending that the Commissioner of Social Security's decision to deny Plaintiff's claim for Disability Insurance Benefits and Supplemental Security Income be affirmed. The Report sets forth the relevant facts and legal standards which this court incorporates herein without a recitation.

The Magistrate Judge makes only a recommendation to this court that has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report to which specific objections are filed, and it reviews those portions not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify—in whole or in part—the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28

U.S.C. § 636(b)(1).  Failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the district court's judgment based upon the Report's recommendation.  *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Section 405(g) of the Act provides, "[T]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance."  *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).

This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it is supported by substantial evidence.  *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  "From this [requirement] it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational."  *Vitek*, 438 F.2d at 1157–58.

On December 9, 2015, Plaintiff filed an Objection to the Report.  (ECF No. 41.)  But instead of objecting to any particular portions of the Report, Plaintiff appears to reiterate her general reasons for why she needs disability benefits and supplemental security income.  Plaintiff writes: "I would like to appeal . . . because I have a bad eye disease that it affect [sic] my eyes."

2

(*Id.* at 1.)  In the remaining parts of her Objection, Plaintiff explains why she believes the "injury reports" related to her on-the job injury are missing as well as her current financial difficulties. (*Id.*)

Again, this court reviews *de novo* only those portions of a Magistrate Judge's Report to which specific objections are filed.  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  "The Federal Magistrates Act requires a district court to "make a de novo determination *of those portions* of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made."  *Diamond*, 416 F.3d at 315 (citing 28 U.S.C.A. § 636(b)(1)).  This court certainly sympathizes with Plaintiff's current plight.  But after a thorough review of the Report and the record in this case, the court finds the Report provides an accurate and thorough application of the law to the facts of Plaintiff's case, to which Plaintiff makes no sufficiently specific objections this court can consider.

The court therefore **ADOPTS** the findings of the Magistrate Judge's Report and Recommendation (ECF No. 38) and **AFFIRMS** the decision of the Commissioner denying Plaintiff's claim for Disability Insurance Benefits and Supplemental Security Income pursuant to sentence four (4) of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 15, 2016
Columbia, South Carolina